UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD HALPERN,<br><br>Plaintiff,<br><br>v.<br><br>CENTROID SYSTEMS, INC., CENTROID SYSTEMS CORPORATION, CENTROID SYSTEMS, LLC and ABC CORPS. (1-10),<br>Defendants | Case No. 2:24-cv-07037<br><br>**OPINION ON SECOND MOTION TO DISMISS OR TRANSFER VENUE** |

**WILLIAM J. MARTINI, U.S.D.J.:**

On July 8, 2024, Defendants moved for dismissal of Plaintiff's complaint or, alternatively, for this Court to transfer the suit to the U.S. District Court for the Eastern District of Michigan. ECF No. 5. On October 21, 2024, the Court denied the motion without prejudice and instructed the parties to exchange jurisdictional discovery. Now before the Court is Defendants' renewed motion seeking the same relief. For the reasons set forth herein, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

I.   **DISCUSSION**[1]

As a result of the discovery exchanged by the parties, the Court now makes two findings: First, the Court remains satisfied that Plaintiff has made a *prima facie* showing that his employment with Centroid was premised at least in part on his connection to New Jersey. This, combined with Plaintiff's allegations that the alleged discriminatory conduct at least arguably occurred while he was located in New Jersey, means that this Court could properly exercise personal jurisdiction over the Defendants. However, it also appears that since at least 2016, Plaintiff's primary place of residence is Florida. This fact impacts the Court's application of the *Jumara* factors that guide the resolution of Defendants' motion for transfer under 28 U.S.C. § 1404(a). Ultimately, as discussed below, the Court finds that transfer is warranted.

A.   **Personal Jurisdiction**

The record indicates that Plaintiff was hired in 2013 while he was a New Jersey resident and assigned the title of "Director of Sales—Northeast Region," ECF No. 23-2 at 10; that his "sole

---

[1] The Court's prior opinion in this matter addresses the parties' arguments in more detail; the scope of this Opinion is limited to the impact of the jurisdictional discovery exchanged by the parties on the Court's determinations of jurisdiction and venue. *See* ECF No. 11 (2024 WL 4533370).

job was to develop Centroid's business in the Northeast Region, primarily in New Jersey," ECF No. 26-1 ¶ 33; that he "closed deals for Centroid with at least ten (10) New Jersey customers during [his] employment, including with Centroid's largest customer, Subaru of America ('Subaru'), located in Camden, New Jersey," *id.* ¶ 42; and that, as recently as the last year of Plaintiff's employment with Centroid, he traveled to New Jersey on a regular basis, ECF No. 23-2 ¶ 8, often to visit New Jersey customers, *see* ECF No. 23-2, 25:4-28:12.

There remains a genuine factual dispute regarding whether Plaintiff was in New Jersey or elsewhere when the discriminatory remarks were (allegedly) directed at him. *Compare, e.g.,* ECF No. 23-2 ¶¶ 7-8 (denying allegation that discriminatory statements were made in New Jersey by reference to presence at event in Nevada) *with* ECF No. 26-1 ¶¶ 74-75 (claiming that same statement was made via phone while plaintiff was in New Jersey). The Court resolves these disputes in Plaintiff's favor at this stage.

To be sure, the doubt cast on Plaintiff's residency, as discussed below, diminishes the extent of the relationship between the state of New Jersey and the present dispute. Plaintiff concedes that he spent more than half of his time in Florida, suggesting that at least a fair amount of Plaintiff's remote work was conducted from Florida. But in all, the facts developed in discovery are consistent with the Court's prior determination that its exercise of specific personal jurisdiction over the Defendants would be proper. *See* ECF No. 11 at 9 (identifying Centroid's New Jersey contacts giving rise to Halpern's claims). Accordingly, Defendants' renewed motion to dismiss is **DENIED**.

### B.   Motion to Transfer

While Plaintiff may have been hired to open up the New Jersey market for Centroid, the record convincingly establishes that since at least 2016, his primary residence has been Florida. Plaintiff purchased his Florida residence in 2016. ECF No. 26-1 ¶ 44. In October 2016, he asked Centroid to change his address to Florida for payroll purposes, allegedly on advice that doing so would allow him "to take advantage of the fact that Florida has no state income tax." *Id.* ¶¶ 45-48. At that point, Plaintiff began filing his taxes as a permanent resident of Florida. Plaintiff attests that he "split[s] time between New Jersey and Florida in compliance with applicable residency rules." *Id.* ¶ 48.[2]

---

[2] Florida tax law defines "permanent resident" as a person who has established a "permanent residence" in Florida, and defines "permanent residence" as follows:

> "Permanent residence" means that place **where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning**. A person may have only **one permanent residence at a time**; and, once a permanent residence is established in a foreign state or country, it is presumed to continue until the person shows that a change has occurred.

Fla. St. § 196.012 (emphasis added). Florida tax law also provides for a tax exemption only for permanent residences (the "Homestead Exemption"). Fla. St. § 196.031. Plaintiff conceded at his deposition that he has filed for the Homestead Exemption. *See* ECF No. 23-2 at 32:1-33:24.

Additional evidence in the record points to Florida as Plaintiff's primary residence, including the fact that he holds a Florida license, ECF No. 23-2 at P00011, voted in the 2024 presidential election in Florida, ECF No. 23-2 at 16:12-17, and drove a Florida-registered car at least until 2024, *id.* at 17:19-19:3. Plaintiff protests that his Florida home is a vacation home and that he retains a primary residence in New Jersey. The Court regards Plaintiff's insistence on his New Jersey residency as self-serving and contradicted by the documentary evidence presented.

The determination that Plaintiff is no longer a New Jersey resident, and was not a New Jersey resident at the time of the alleged discriminatory conduct, changes the Court's prior balancing of the *Jumara* factors[3] relevant to transfer under 28 U.S.C. § 1404(a) as follows:

First, the Court previously ruled that the first and second private interest factors weigh in favor of maintaining the suit in New Jersey based on the fact that New Jersey is Plaintiff's stated preference and because "a substantial part of the events giving rise to this suit took place in New Jersey." ECF No. 11 at 12. It remains true that a substantial part of the events giving rise to the suit at least arguably took place in New Jersey, *see supra* I.A, but undoubtedly fewer of the events giving rise to the suit took place in New Jersey than previously assumed. This is because Plaintiff worked remotely at least partially (though not exclusively) from Florida. Moreover, Plaintiff's choice of venue is "curbed where the plaintiff has not chosen his or her home forum." *Tischio v. Bontex*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (citing *Ricoh v. Honeywell, Inc.*, 817 F. Supp. 473, 485 (D.N.J. 1993)). Accordingly, these factors now are effectively neutral.

Second, the Court previously ruled that the third private interest factor—which concerns the "center of gravity of the dispute, its events and transactions," *Park Inn Int'l L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000)—weighed slightly against transfer. But the determination that Plaintiff was domiciled in Florida during the relevant period of his employment, and apparently spent at least a slight majority of his time in Florida, casts doubt on how "extensive" his work in New Jersey could have been. *See* ECF No. 11 at 13. Plaintiff traveled to New Jersey for work with regularity, but presumably at least a significant portion of the work that he conducted as a full time employee residing primarily in Florida occurred in Florida. As New Jersey is no more likely to be the *locus in quo* of the conduct at issue than does Michigan, this factor is neutral.

The fourth private interest factor, which concerns the convenience of the parties "as indicated by their relative physical and financial condition," *Jumara*, 55 F.3d at 879-80, is no longer neutral. The Court previously determined that because "Halpern resides in New Jersey" and "Centroid is headquartered in Michigan," "Halpern is likely the only party for whom New Jersey is the most convenient forum, but Centroid's relative inconvenience is offset by [its] superior ability to afford the costs of travel." ECF No. 11 at 13. Because Plaintiff does not primarily reside in New Jersey, his interest in the convenience of having the matter resolved close to home is significantly diminished. The fourth private interest factor now weighs in favor of transfer to Michigan.

---

[3] *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995), previously weighed by the Court at ECF No. 11 at 11-15.

Next, the Court previously ruled that the second public interest factor, which concerns practical considerations that may "warrant transfer if they could make the trial easy, expeditious, or inexpensive," *Metro Life Ins. Co. v. Bank One, N.A.*, No. 03-cv-1882, 2012 WL 4464026 (D.N.J. Sept. 25, 2012), was neutral. The Court based that determination on its assessment that "the practical considerations largely balance each other out—each practical hurdle for one party in travelling to another jurisdiction to participate in the litigation is countered by the opposing party facing the same hurdle in participating in the alternative forum." ECF No. 11 at 14. But where, as here, the record indicates that Plaintiff would need to travel to *either* location in order to participate in the litigation, this factor weighs in favor of transfer to Michigan.

Finally, the fourth public interest factor, which assesses the "local interest in deciding local controversies at home," is no longer neutral because New Jersey's interest is significantly diminished where the Plaintiff is not a New Jersey resident. New Jersey's interest is now limited to its position as the site of some of Plaintiff's work, a state in which Plaintiff spends substantial time, and arguably the location at which some of the conduct at issue partially occurred, whereas Michigan is both the site at which the conduct at issue partially occurred and also Defendants' domicile. This factor now weighs in favor of transfer to Michigan.

* * *

In sum, after considering the jurisdictional discovery exchanged by the parties, both the private and public *Jumara* factors weigh in favor of transfer to Michigan. Accordingly, the Court finds that transfer to the United States District Court for the Eastern District of Michigan is warranted in accordance with 28 U.S.C. § 1404(a).

## II.    CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss for lack of personal jurisdiction is **DENIED**, and their Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is **GRANTED**. This Court will defer resolution of Defendants' request for dismissal of Plaintiff's NJLAD claims, ECF No. 23-1 at 8-9, to permit the transferee court to address that issue. *See Abira Med. Labs. LLC v. Cigna Health and Life Ins. Co.*, 2023 WL 4074081 (D.N.J. June 16, 2023).

An appropriate order follows.

DATE: April 15, 2024

WILLIAM J. MARTINI, U.S.D.J.